UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFIRNIA
SAN JOSE DIVISION

ACCESSIBILITY FOR ALL, INC. a New York not for profit corporation, and NELSON M. STERN, Individually,

    Plaintiffs,

vs.

DOUBLETREE HOTEL, DOUBLETREE DTWC CORP., and HILTON HOTELS CORP.,

    Defendants.

05 CV

C05 04129

## COMPLAINT
(Temporary and Permanent Injunctive Relief Demanded)

Plaintiff, ACCESSIBILITY FOR ALL, INC. a New York not for profit corporation, and NELSON M. STERN, Individually, on their behalf and on behalf of all other individuals similarly situated, (sometimes referred to herein as "Plaintiff" or Plaintiffs), hereby sues the defendants, DOUBLETREE HOTEL, DOUBLETREE DTWC CORP., and HILTON HOTELS CORP., for Injunctive Relief, and litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. ("ADA").

## JURISDICTION AND VENUE

1. Pursuant to 28 U.S.C.§ 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 et seq. see also 28 U.S.C. § 2201 and § 2202.

2. Venue lies in the judicial district of the property situs, in this case, the Defendant has property and is doing business within this judicial district.

1

## STATUTORY BACKGROUND

3. On July 26, 1990, Congress enacted the Americans with Disabilities Act of 1990, establishing important civil rights for individuals with disabilities, including the right to full and equal enjoyment of goods, services, facilities, privileges, and access to places of public accommodation.

4. Among other things, Congress made findings in 42 .S.C. §12101 (a)(1)-(3), (5) and (9) that included:

   a. Some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

   b. historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

   c. discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting and access to public services;

   d. individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, activities, benefits, jobs or other opportunities; and

   e. the continuing existence of unfair and unnecessary discrimination and prejudice denies

people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

5. Congress also explicitly stated in 42 U.S.C. §12101 (b)(1)(2) and (4) that the purpose of the Americans with Disabilities Act was to:

 a. Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

 b. provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

 c. invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

6. Furthermore, pursuant to 42 U.S.C. § 12182 and 28 CFR 36.201(a), Congressional intent was for no place of public accommodation to discriminate against an individual, on the basis of such individual's disability, with regard to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at that place of public accommodation.

7. Congress provided commercial businesses at least 18 months from enactment make their facilities compliant to the regulations in the Americans with Disabilities Act. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993, if the Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181; 28 CFR 36.508(a).

## THE PARTIES AND STANDING

3

8. Plaintiff, ACCESSIBILITY FOR ALL, INC. is a non-profit New York corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA . The disabilities of the members of the organization include, but are not limited to, quadriplegia, paraplegia, and other crippling neurological and muscular disorders. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ACCESSIBILITY FOR ALL, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of it's members has suffered an injury that would allow it to bring suit in its own right. ACCESSIBILITY FOR ALL, INC. has also been discriminated against because of its association with its disabled members and their claims.

9. Plaintiff, NELSON M. STERN is sui juris and qualifies as an individual with disabilities as defined by the ADA. In September 2005, NELSON M. STERN reserved a room and checked in to the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff encountered architectural barriers at the subject property including the lack of any accessible room with a roll-in shower. He is also a member of the Plaintiff organization, ACCESSIBILITY FOR ALL, INC., discussed above. NELSON M. STERN has multiple sclerosis, which renders him unable to ambulate without the use of a scooter. Mr. Stern, a New York attorney, and an advocate for the disabled, has undertaken the project of authoring a book on public accommodations in California and their accessibility to the disabled. He intends to use

selected public accommodations to verify the facilities ability to accommodate people with disabilities, such as the subject property. He also unequivocally plans to, and at times along with the co-plaintiff disability organization and other individual members, to initiate a lawsuit on behalf of himself and other disabled individuals against public accommodations where he experiences significant barriers to the disabled which violate the Americans with Disabilities Act of 1990. Mr. Stern has definitive plans in each case to return to the accommodation regularly while the non-compliant facility is being made accessible in order to provide current data for his book, and otherwise use and enjoy the facility, as well as to confirm that the facility has complied with their obligation to be accessible to the disabled. Mr. Stern also stays at various hotels for business and personal reasons, especially hotels in the Tri-State area. Where he works, as well as to dines and otherwise use the amenities of the hotels that are available for public use.

10. The barriers to access at the property have effectively denied or diminished the plaintiff's ability to visit the property and have endangered his safety. Barriers to access at this property have posed a risk of injury to the plaintiff. Other barriers to access as described in this complaint cause similar risk of injury, embarrassment or discomfort to the plaintiff.

11. ACCESSIBILITY FOR ALL, INC. and NELSON M. STERN have a realistic, credible, existing and continuing threat of discrimination from the defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 16 of this complaint.

12. Defendant, each of them, owns or leases; or leases to; or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to

5

is known as DOUBLETREE HOTEL, 2050 Gateway Place, San Jose, CA 95110

13. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant.

14. NELSON M. STERN desires to visit the defendant's property not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

15. The defendant has discriminated against the individual plaintiffs and members of the corporate plaintiff organization by denying them access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. Sec. 12182 et seq., and by failing to remove architectural barriers as required by Volume 42 of the United States Code.

## THE INSTANT CLAIM

16. The Defendant has discriminated and is continuing to discriminate against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26,1992 (or January 26,1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the subject property have shown that violations exist in a number of areas, as described hereafter:

a. The hotel registration counter is too high. This is in violation of section 7.2(2) of the ADAAG.

b. Access to the pool is not provided for a disabled individual. This is in violations of sections 4.3.2, §36.201 and §36.202 of the ADAAG.

c. The showers are not accessible to a person using a wheelchair. This is in violation of section 4.21.1 of the ADAAG.

6

 d. The bath tub does not provide a shower unit. This is in violation of sections 4.20.6, 4.23.8 and 9.2.2(6)(e) of the ADAAG.

 e. Compliant grab bars are not provided in the bath tub. This is in violation of sections 4.20.4, 4.23.8 and 9.2.2(6)(e) of the ADAAG.

 f.. Appropriate signage is not provided where permanent identification is provide for rooms and spaces. This is in violation of section 4.30.6 of the ADAAG.

 f. An accessible toilet stall is denied to a person using a wheelchair. This is in violation of section 4.17.1, 4.22.1 and 4.23.4 of the ADAAG.

 g. Appropriate grab bars are not provided at the water closet this is in violation of sections 4.16.4, 4.23.4 and 9.2.2(6)(e) of the ADAAG.

 h. A clear floor space is not provided in front of the lavatory to allow forward approach. This is in violation of section 4.19.3 of the ADAAG.

 i. The lamps require tight grasping and twisting of the wrist to operate. This is in violation of sections 4.27.4 and 9.2.2(5) of the ADAAG.

 j. The clothing rod is out of reach to a person in a wheelchair. This is in violation of sections 4.25.3 and 9.2.2(4) of the ADAAG.

 k. The furniture hardware required tight grasping and twisting of the wrist to operate. This is in violation of section 4.27.4 and 9.2.2(5) of the ADAAG.

 l. The hotel does not provide the appropriate number of accessible sleeping rooms. This is in violation of sections 9.1.2, 9.1.3, 9.2 and 9.3 of the ADAAG. A hotel with 354 rooms is required to have 8 accessible rooms.

 m. The hotel does not provide the appropriate number of accessible sleeping rooms with roll-in showers. This is in violation of sections 4.21 and 9.1.2 of the ADAAG. A hotel with 354 rooms is required to have additional 4 accessible rooms with a roll-in shower.

17. The discriminatory violations described in paragraph 16 are not an exclusive list of the defendant's ADA violations. Plaintiffs require the inspection of the defendant's place of public accommodation in order to determine all of the discriminatory acts violating the ADA.

18. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed

7

prior to January 26,1992, 28 CFR § 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26,1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR § 36.402; and finally if the defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26,1993 as defined in 28 CFR § 36.401 then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

19  Appendix A to Part 36- Standards for Accessible Design (28 CFR pt. 36, App. A) sets out guidelines for accessibility for buildings and facilities. These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by Federal Agencies, including the Department of Justice, under the ADA.

20. Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq., and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

21. In September 2005, plaintiff stayed at defendant hotel and experienced the alleged violations.

22. The individual plaintiff, the members of the plaintiff's group and all other individuals similarly situated have been denied access to, and have been denied the benefits of services, programs and activities of, the defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff's group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

22. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

23. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26,1993 if Defendant has 10 or fewer employees and gross receipts of $ 500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant. Defendant is aware of the need for accommodation of the disabled as defendant has a removable ramp for entrance to the hotel. But defendants have no accessible rooms for the disabled.

24. Plaintiffs are without adequate remedy at law and are suffering irreparable harm.

25. Pursuant to 42 U.S.C. 12188, this Court is provided authority to grant Plaintiffs Injunctive Relief including an order to alter the Defendant's facility to make those facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility either temporarily or permanently until such time as the defendant cures its violations of the ADA.

WHEREFORE, Plaintiffs respectfully request:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq.

b. A temporary injunction and a permanent injunction providing for injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expense pursuant to 42 U.S.C. 12205.

d. Such other relief as the Court deems just and proper.

Respectfully Submitted,

LAW OFFICES OF NELSON STERN
Counsel for Plaintiffs
964-Third Avenue, Fifth Floor
New York, N.Y. 10155
(212) 223-8330
(212) 371-2131

By: *Nelson M. Stern*

Nelson Stern, Esq.
California Bar No. #148171

Co-Counsel
Law Offices of Kirk B. Freeman
Kirk B. Freeman      (Bar No.: 99685)
Matthew A. Mallet    (Bar No.: 203393)
214 Grant Avenue, Suite 301
San Francisco, CA  94108
P (415) 398-1082
F (415) 391-1285

Date:  October 6, 2005

11